UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DAVID RICHARD CARLSON,

        Plaintiff,

v.

Warden BECKY DOOLY, Attorney SUSAN GINSBERG, FRED FREDMAN, Duluth Public Defenders Office, City of Duluth City Attorney GARY BJORKLUND, and CITY OF DULUTH POLICE AT HOLE,

        Defendants.

Civil No. 14-0746 (JNE/JJG)

REPORT AND RECOMMENDATION

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff, a Minnesota state prison inmate, commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. He did not pay any filing fee for this case, but instead applied for leave to proceed IFP. The Court previously reviewed Plaintiff's IFP application, and noted that (i) the application was incomplete, and (ii) Plaintiff did not pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Both of those deficiencies were called to Plaintiff's attention by this Court's order dated March 20, 2014. (Docket No. 6.) That order gave Plaintiff thirty (30) days to cure the deficiencies of his original request for IFP status, by submitting both (i) a new IFP

application, and (ii) the initial partial filing fee required by § 1915(b)(1).  The order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with both of those requirements within the time allowed.

The deadline for satisfying the requirements of the Court's prior order has now expired.  To date, however, Plaintiff has not submitted either an amended IFP application or an initial partial filing fee, nor has he offered any excuse for his failure to do so.  Therefore, based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice.  See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders).  See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").[1]

---

[1] On April 18, 2014, the Court received a letter from Plaintiff, (Docket No. 7), in which he appears to consent to having this case dismissed.

Having determined that this action should be summarily dismissed for the reasons cited above, the Court will further recommend that (i) Plaintiff's pending IFP application be denied as moot, and (ii) Plaintiff's collateral motion, which the Clerk has identified as "Total New 5th Post Conviction Never Heard," (Docket No. 3), be summarily denied.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED AS MOOT**;

2. Plaintiff's motion identified as "Total New 5th Post Conviction Never Heard," (Docket No. 3), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: April 24, 2014             s/ *Jeanne J. Graham*
                                  JEANNE J. GRAHAM
                                  United States Magistrate Judge


## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **May 12, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.