UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

David Richard Carlson,

    Plaintiff,

v.

Warden Becky Dooly, Attorney Susan
Ginsberg, Fred Fredman, Duluth Public
Defenders Office, City of Duluth City Attorney
Gary Bjorklund, and City of Duluth Police at
Hole,

    Defendants.

14-CV-746 (JNE/JJG)
ORDER

---

Plaintiff David Richard Carlson is a Minnesota state inmate. In March of 2014, he filed together a "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983," an application to proceed in forma pauperis ("IFP"), a motion he refers to as "Total New 5th Post Conviction Never Heard," and a memorandum in support of that motion.

The case was referred to the Honorable Jeanne J. Graham, United States Magistrate Judge, who determined that Carlson's IFP application was incomplete and that he had not paid the initial partial filing fee required by the provisions of the Prison Litigation Reform Act at 28 U.S.C. §§ 1915(a)(2) and (b)(1). Magistrate Judge Order of March 20, 2014, ECF No. 6. The Magistrate Judge gave Carlson 30 days to remedy those deficiencies, and cautioned him that a failure to do so would result in a recommendation that the case be summarily dismissed. *Id.*

Carlson neither amended his IFP application nor paid the initial partial filing fee within the allotted time period. Therefore, the Magistrate Judge now recommends that the case be dismissed without prejudice. Report and Recommendation, ECF No. 8.

1

Carlson has since made a filing, ostensibly as an objection to the Report and Recommendation. ECF No. 9. That filing, however, does not contain any "specific written objections" to the Magistrate Judge's analysis or conclusions as Local Rule 72.2(b) requires. To the best of this Court's understanding, it appears that Carlson's filing simply reiterates the assertion that appears in his complaint and the "Total New 5th Post Conviction Never Heard" motion: that he received ineffective assistance of counsel in his criminal proceedings and was therefore "improperly convicted wrongfuly [sic]." Carlson's filing also references recent media coverage of a bill in the Minnesota Legislature that would provide compensation to individuals who were wrongly convicted.

In her order of March 20, the Magistrate Judge observed that the gravamen of Carlson's complaint appears to be a challenge to the constitutionality or legality of his state court conviction. *See* Complaint at 5, ECF No. 1 (including in request for relief "please release me from prison" and "wipe my record clean like I was a free man"). The Magistrate Judge noted that those matters are properly pursued in a habeas corpus proceeding rather than through the § 1983 civil rights action that Carlson has attempted to initiate here. The Court agrees, and further concurs with the Magistrate Judge that the distinction does not affect the outcome here. In 2010, Carlson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 that was considered and rejected on the merits. Order Adopting Report and Recommendation, *Carlson v. Dooly*, No. 10-cv-1882 (JNE/JJG) (D.Minn. Jan. 4, 2011), ECF No. 27. As a result, Carlson may not file another federal habeas petition without pre-authorization from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). In fact, Carlson has been advised of this requirement at least once already, when in 2013 he previously attempted, unsuccessfully, to file a second or successive habeas petition with this Court. Report and Recommendation, *Carlson v. Dooly*, No.

13-cv-525 (JNE/JJG) (D.Minn. March 26, 2013), ECF No. 4, *adopted by* Order (Apr. 24, 2013), ECF No. 7.

Thus, whether treated as the § 1983 action that Carlson has labeled it or construed as a petition for a writ of habeas corpus, this case should be dismissed without prejudice. The Court therefore adopts the Report and Recommendation.

Based on the files, records, and proceedings herein, and for the reasons discussed above, IT IS ORDERED THAT:

1. Plaintiff's Application to Proceed In Forma Pauperis [ECF No. 2] is DENIED.

2. Plaintiff's "Total New 5th Post Conviction Never Heard" Motion [ECF No. 3] is DENIED.

3. This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 20, 2014               s/Joan N. Ericksen
                                  JOAN N. ERICKSEN
                                  United States District Judge